BOYER, Chief Judge
(specially concurring).
I concur in the result reached. I do not entirely concur with the historical recitations.
The second amended complaint for a declaratory judgment sought a construction of the entire policy of insurance issued by ap-pellee to appellant. After various pleadings, the learned trial judge entered an order granting a summary judgment in favor of the insurer. Appeal was taken to this Court and we affirmed. On Petition for Rehearing, appellant called to our attention a provision of the policy which had not been specifically relied upon in either the briefs or the oral argument and which had not been specifically considered by us in the rendering of our decision. Upon examining the order granting the defendant’s motion for summary judgment which had been entered by the trial judge, we could not determine whether or not the specific provision of the policy had been considered by him. Technically, appellant had not in fact broached a new position on Petition for Rehearing because his general contention had been throughout the entire proceedings in his pleadings in the trial court and before this Court that he was entitled to extended benefits under the policy. We, accordingly, improvidently using the language that “The Petition for Rehearing assumes a new ground or position” remanded to the trial court for further consideration in the event he had failed to consider, as had we, the specific provision of the policy recited in our per curiam opinion “On Petition for Rehearing”. (Please see Barnes v. Lincoln National Life Insurance Co., Fla.App. 1st 1975, 330 So.2d 119). We did not, either in our original opinion nor in our opinion On Petition for Rehearing, reverse the trial court. We were merely of the view that in all fairness, we should not consider arguments on appeal which perhaps had not been considered by the trial judge. Notwithstanding our recital in our opinion that “In the interest of justice, we temporarily remand this cause to the trial court for its consideration of appellant’s contention and its decision of whether or not its final judgment should or should not be modified”, the learned trial judge apparently misunderstood the intent of our opinion and, as recited in the majority, considered it as a reversal and thereupon entered the summary judgment in favor of appellant (plaintiff in the trial court) which we now consider.